Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Kelsey Schultz (SBN 328159)
kschultz@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARIBBEAN BLUES, INC., doing business as "EKB TEXTILES," a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ZOETOP BUSINESS CO., LTD, et al.,<br><br>Defendants. | Case No.: 2:22-cv-05659-DSF-AS<br><u>Hon. Dale S. Fischer Presiding</u><br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:    December 5, 2022<br>Time:    11:00 AM<br>Location: Courtroom 7D |

    By and through their attorneys of record, who are set forth below, the parties have prepared and hereby submit this jointly signed Scheduling Report following the conference of counsel required by Federal Rule of Civil Procedures 16(b) and 26(f) and Central District Local Rule 26-1.

A. **STATEMENT OF THE CASE**

1. Plaintiff's Contentions

Plaintiff Caribbean Blues, Inc., doing business as "EKB Textiles" ("Plaintiff or EKB") is a Los Angeles-based design and fabric company. As part of its business practices, it creates or purchases the exclusive rights, to two-dimensional works of art and files and receives copyright registrations for these works. This case concerns the infringement of two such designs—entitled #9259 and #9383 (the "Subject Designs")—by Defendants. Specifically, the Complaint alleges that defendants sold fabric and/or garments bearing unauthorized reproductions and/or derivative works that infringe upon the Subject Designs.

Plaintiff estimates that recoverable damages, including without limitation Defendants' disgorgeable profits, Plaintiff's actual damages, attorneys' costs, and pre-judgment interest on its copyright claim are likely in excess of $50,000.00. Plaintiff may alternately elect statutory damages, which would amount to up to $150,000 per instance of infringement.

2. Defendant Zoetop's Contentions

Defendant Zoetop Business Co., Ltd. ("Defendant" or "Zoetop") disputes all of Plaintiff's material allegations. Defendant contends that the accused products are not substantially similar to the designs at issue, let alone virtually identical; Plaintiff will therefore be unable to prove copying as a matter of law. Defendant further contends that any damages attributable to the alleged infringement are far less than the estimate provided by Plaintiff and that, if Plaintiff elects to recover statutory damages, such statutory damages would be minimal as Plaintiff will be unable to prove willfulness. Defendant has also pleaded numerous affirmative defenses, including independent creation and implied license.

B. **SUBJECT MATTER JURISDICTION**

This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq*. Accordingly, this Court has federal question jurisdiction under 28 U.S.C. §§

1331 and 1338(a).

## C. LEGAL ISSUES

1. <u>Plaintiff's Contentions</u>

The legal issues in this case involve Plaintiff's ownership of the copyright in the Subject Designs and Defendants' infringement thereof, including Defendants access to the Subject Designs and the substantial similarity between the Subject Designs and the designs on the Infringing Products. Legal issues concerning heightened damages for willful infringement are also present.

2. <u>Defendant Zoetop's Contentions</u>

Zoetop concurs with Plaintiff's summary of the legal issues.

## D. PARTIES, EVIDENCE, etc.

The parties are Plaintiff Caribbean Blues, Inc., doing business as "EKB Textiles" and Defendants Zoetop Business Co., Ltd., Shein Distribution Corp., and Roadget Business Pte Ltd. Should Defendants reveal in their Initial Disclosures or discovery responses any garment manufacturers, vendors, or suppliers involved in the chain of alleged infringement of Plaintiff's Subject Designs, Plaintiff will move to add such entities as parties to this action in place of Doe Defendants. Plaintiff has no parents, subsidiaries, or affiliates that are implicated in this litigation.

Zoetop answered the operative complaint on October 25, 2022. Defendant Shein Distribution Corp. will likely be represented by the same counsel as Zoetop and will answer or otherwise respond to the operative complaint in due course.

Percipient witnesses that Defendant intends to seek testimony or documents from include: (1) the actual designer(s) of each of Plaintiff's claimed registered works; (2) people involved in printing, milling, or manufacturing Plaintiff's designs, including, especially, any mills or third-party trading companies that Plaintiff provided its designs to, so that the designs could be printed onto fabric in China; (3) individuals, whether employed by Plaintiff or who work for Plaintiff's customers or suppliers, with direct knowledge of how Plaintiff typically values its artwork; (4)

Plaintiff's owner or other principal; (5) a corporate representative of Plaintiff; and (6) witnesses employed by or who represent Defendant.

Relevant documents and things that will be sought in discovery include: (1) the *exact* "deposit copy" that was submitted to the Library of Congress as part of Plaintiff's copyright registration application, for each of the copyright(s)-in-suit, and other documentation related to the application and registration of Plaintiff's works; (2) documents and other things from the actual designer(s) of Plaintiff's claimed registered works, evidencing who purportedly created something original, when, and how they did so; (3) documents and other things from people involved in printing, milling, or manufacturing Plaintiff's designs, including, especially, any mills or third-party trading companies that Plaintiff provided its designs to, so that the designs could be printed onto fabric in China; (4) documents and other things from individuals, whether employed by Plaintiff or who work for Plaintiff's customers or suppliers, with direct knowledge of how Plaintiff typically values its artwork; and (5) other documents from Plaintiff that relate to proving copying or access, and to proving damages.

### E. **CERTIFICATION OF INTERESTED PARTIES OR PERSONS**

Plaintiff filed the Certification of Interested Parties or Persons (*Dkt. 3*) on August 10, 2022, pursuant to Local Rule 7.1-1.

Defendant Zoetop filed a Certification and Notice of Interested Parties (Dkt. 18) and a Corporate Disclosure Statement (Dkt. 19) on October 25, 2022. Defendant Shein Distribution Corp. will file the same documents in due course.

### F. **INSURANCE**

1. Plaintiff's Contentions

Plaintiff does not have insurance coverage for the claims at issue.

2. Defendant Zoetop's Contentions

Defendant is not aware of any insurance that would cover the claims at issue.

## G. MAGISTRATE JUDGE

The Parties do not stipulate to the use of a magistrate judge unless specifically required under the applicable local rules.

## H. DISCOVERY

The parties anticipate using all discovery allowed under the Federal Rules, including depositions, requests for documents, interrogatories and requests for admissions, and potentially entering into an appropriate stipulated protective order.

The parties anticipate seeking sales and distribution information, including without limitation information concerning sales receipts, store-by-store asset allocation, profits attributable to the product at issue, as well as the development and authorship of the accused designs at issue, the creation, use, registration, purchase, assignment, or other manner by which alleged rights in the Subject Designs were obtained by any past of present owner. The parties agree to meet and confer over electronic discovery issues at the time any such disputes arise, including the form or production of electronic information and scope of any such electronic discovery. The parties further anticipate an initial round of written discovery to be propounded by the end of December 2022. Follow-up written discovery and conferring over and otherwise resolving any discovery disputes should be completed by the end of April 2023. The parties also anticipate that each party, as well as third parties, will need to be deposed, and that said depositions shall take place after an initial round of written discovery. The parties anticipate these depositions being taken during the discovery period.

*See* Exhibit A – Schedule of Pretrial and Trial Dates for applicable discovery deadlines.

## I. MOTIONS

1. Plaintiff's Contentions

Plaintiff may wish to move to add additional defendants should discovery reveal the involvement of currently unknown parties in the chain of infringement of

Plaintiff's proprietary designs. It is likely an initial round of discovery will need to be obtained in order to discern the identities of these defendants.

### 2. Defendant Zoetop's Contentions

In the event that material errors are found in any of Plaintiff's copyright registration applications, it is possible that Defendants would make a motion pursuant to 17 U.S.C. § 411(b)(2), which provides that in certain circumstances "the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration."

Another non-dispositive motion that Defendants may bring would be one to obtain testimony from Plaintiff's designer of the works at issue, if that designer resides out of the United States and if Plaintiff refuses to produce him or her voluntarily.

## J. DISPOSITIVE MOTIONS

### 1. Plaintiff's Contentions

Plaintiff anticipates filing a Motion for Partial Summary Judgment for liability as to Defendants for copyright infringement by the deadline for dispositive motions. Plaintiff anticipates filing this motion after sufficient discovery has been completed. Plaintiff also will not seek bifurcation.

*See* Exhibit A – Schedule of Pretrial and Trial Dates for applicable motion deadlines.

### 2. Defendant Zoetop's Contentions

Defendant anticipates filing a motion for summary judgment challenging substantial similarity, in which it will argue that Plaintiff cannot meet the Ninth Circuit's "extrinsic test" for substantial similarity. Depending on how promptly and appropriately Plaintiff answers interrogatories articulating *exactly what* it is claiming

as original authorship, and providing related documents, this motion could be brought well before the close of fact discovery.

### K. MANUAL FOR COMPLEX LITIGATION

This case does not utilize the procedures of the Manual for Complex Litigation.

### L. SETTLEMENT AND ALTERNATE DISPUTE RESOLUTION

The parties are amenable to using Central District Settlement Procedure No. 2 under Local Rule 16-15.4.

### M. PRETRIAL CONFERENCE AND TRIAL

*See* Exhibit A – Schedule of Pretrial and Trial Dates for applicable pretrial and trial dates.

### N. TRIAL ESTIMATE

Plaintiff and Zoetop have requested a jury trial. The parties estimate the trial in this matter to last between 2-3 court days.

### O. TRIAL COUNSEL

Plaintiff's Trial Counsel: Stephen M. Doniger, Trevor W. Barrett, Kelsey M. Schultz.

Defendant Zoetop's Trial Counsel: Morgan E. Pietz (lead), Cyrus E. Shahriari, and Thomas P. Burke Jr..

### P. INDEPENDENT EXPERT OR MASTER

The parties presently do not believe this case requires the Court to appoint a master pursuant to Rule 53 or an independent scientific expert.

### Q. EXPERT WITNESSES

1. Plaintiff's Contentions

Plaintiff has not yet determined if it will utilize an expert witness in this case.

2. Defendant Zoetop's Contentions

Defendant may engage expert witnesses to opine on substantial similarity and attributable profits and deductible costs.

## R. SCHEDULE WORKSHEET

See Exhibit A – Schedule of Pretrial and Trial Dates for applicable pretrial and trial dates.

## S. CLASS ACTIONS

The Parties presently do not believe this case qualifies under a class actions suit.

## T. OTHER ISSUES

The Parties do not contemplate that any other issues will affect or complicate the status or management of this case.

WHEREUPON, the parties, by and through their respective attorneys of record, hereby jointly submit this Joint Report.

Dated: November 28, 2022     By:     /s/ *Stephen M. Doniger*
Stephen M. Doniger, Esq.
Trevor W. Barrett, Esq.
Kelsey M. Schultz, Esq.
Attorneys for Plaintiff

Dated: November 28, 2022     By:     /s/ *Thomas P. Burke Jr*
Morgan E. Pietz, Esq.
Thomas P. Burke Jr., Esq.
PIETZ & SHAHRIARI LLP
Attorneys for Defendant Zoetop

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.